**24**

ST. PAUL FIRE AND MARINE INSUR-
ANCE COMPANY, Defendant–Third–
Party–Plaintiff–Counter–Claimant–
Appellee,

v.

APICELLA ADJUSTERS, INC.,
Plaintiff–Counter–Defendant–
Cross–Claimant,

v.

James P. McGovern and Susan
C. McGovern, Third–Party–
Defendants–Appellants.

No. 02–7592.

United States Court of Appeals,
Second Circuit.

Jan. 13, 2003.

James P. McGovern, Brewster, NY., for
Appellants, pro se.

Susan C. McGovern, Patterson, NY., for
Appellants, pro se.

Craig A. Fontaine (Alena C. Gfeller, on
the brief), Cramer, Alessi & Fontaine,
P.C., Hartford, CT., for Appellee.

PRESENT: OAKES, CABRANES, and
KATZMANN, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT
BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CITED
AS PRECEDENTIAL AUTHORITY TO
THIS OR ANY OTHER COURT, BUT
MAY BE CALLED TO THE ATTEN-
TION OF THIS OR ANY OTHER
COURT IN A SUBSEQUENT STAGE
OF THIS CASE, IN A RELATED CASE,
OR IN ANY CASE FOR PURPOSES OF
COLLATERAL ESTOPPEL OR RES
JUDICATA.

At a stated term of the United States
Court of Appeals for the Second Circuit,
held at the United States Courthouse, Fo-
ley Square, in the City of New York, on
the 13th day of January, two thousand and
three.

**UPON CONSIDERATION WHEREOF,
IT IS HEREBY ORDERED, AD-
JUDGED, AND DECREED** that the
judgment of the District Court be and it
hereby is **AFFIRMED.**

The Appellants are third-party defen-
dants in a dispute over insurance proceeds
from the destruction of their home in Wil-
ton, CT, which burnt down in 1997. The
McGoverns' adjuster, Apicella Adjusters
("Apicella"), brought suit against St. Paul
Fire ("St.Paul") for money it claims St.
Paul owed it as a result of the various
agreements between the parties. St. Paul
then named the McGoverns as third-party
defendants, claiming that the McGoverns
agreed to indemnify St. Paul against any
claims by third-parties relating to the loss
from the fire.

The McGoverns failed to properly an-
swer the Third–Party Complaint, and,
throughout the course of the proceedings,
both Apicella and St. Paul filed various
default motions against them. The Mc-
Governs attempted to excuse their default
by claiming that they each suffered from

severe medical problems that prevented them from complying with various court orders, but ignored repeated orders of the District Court requiring them to provide documentation of their conditions. On October 4, 2000, the District Court issued its final order requiring the McGoverns each to provide evidence of their alleged health problems, in the form of affidavits from treating physicians. The Court stated that failure to comply with this order by October 31, 2000, would result in the entry of default judgment against the non-compliant party. On January 9, 2001, a default judgment issued against both third-party defendants for failing to provide the requested evidence of their medical conditions and, therefore, failing to "plead or otherwise defend" as required by Fed. R.Civ.P. 55(a). In an order dated April 19, 2002, judgment was entered against them, jointly and severally, in the amount of $ 75,950.53.

We review a district court's entry of default judgment for abuse of discretion. *See, e.g., Bambu Sales, Inc. v. Ozak Trading, Inc.,* 58 F.3d 849, 852 (2d Cir.1995). Federal Rule of Civil Procedure 55(a) provides for the entry of default judgment whenever the party against whom a judgment of affirmative relief is sought has failed to plead. For the reasons set forth by the District Court in its January 9, 2001 Ruling, the McGoverns failed to plead, and default judgement was properly entered against them.

We have considered the McGoverns remaining claims on appeal and find them to be without merit.

Accordingly, the judgment District Court is hereby AFFIRMED.